IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KIWI SERVICES, INC., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-02601-atc |
| ) | |
| DISASTER EQUIPMENT, INC., ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS

Before the Court is Respondent Disaster Equipment, Inc.'s ("DEI") Motion to Dismiss the Petition and Confirm the Arbitration Award (ECF Nos. 13–14) ("the Motion"), filed October 12, 2020. Petitioner Kiwi Services, Inc. ("Kiwi") filed its Response in Opposition to the Motion on November 6, 2020. (ECF No. 18.) DEI filed its Reply in Support of the Motion on November 20, 2020. (ECF No. 19.) The Notice, Consent, and Reference of this case to the undersigned Magistrate Judge was entered on December 9, 2020. (ECF No. 22.)

For the reasons set forth below, when construing the Petition in the light most favorable to Kiwi, the Petition states a plausible claim for relief, and the Motion is DENIED.

## INTRODUCTION AND PROCEDURAL HISTORY

This case stems from the parties' August 30, 2017 contract (the "Contract"), under which DEI rented structural drying equipment to Kiwi for the remediation of real property in Houston, Texas, that was damaged by Hurricane Harvey. (ECF No. 1-3, at 8.) The Contract provides for binding arbitration of disputes through the American Arbitration Association ("AAA") under its Construction Industry Arbitration Rules ("AAA Rules"). (*Id.* at 12.)

The parties' underlying dispute involves the amounts due to DEI under the Contract. Kiwi contends that DEI's billing for the drying equipment was "excessive and erroneous." (ECF No. 18, at 1.) DEI argues that its billing was correct, pursuant to the Contract's daily rate schedule. (ECF No. 14, at 1.) The parties agree that the Contract requires them to resolve any disputes relating to charging and billing for the equipment by binding arbitration before the AAA. (ECF Nos. 14, 18.)

DEI instituted just such an arbitration proceeding on February 11, 2020, by submitting an Arbitration Demand and Statement of Claim ("the Arbitration Demand") to the AAA. (ECF No. 1-3.) Kiwi did not appear at the arbitration, and on May 18, 2020, an Ex-Parte Final Award of Arbitration ("the Final Award") for $101,280.10 was entered against it. (ECF No. 1-1.) According to its Petition to Vacate Arbitration Award ("the Petition"), Kiwi's first notice or correspondence concerning the arbitration came on June 2, 2020, when it received the Final Award. (ECF No. 1, at 2–3.) Kiwi further contends that it did not receive the Arbitration Demand or any subsequent letters or emails from the AAA concerning the arbitration until after the Final Award was entered. (*Id.*)

After receipt of the Final Award on June 2, 2020, counsel for Kiwi obtained copies of the February 11, 2020 correspondence that transmitted the Arbitration Demand to the AAA and initiated the arbitration. (*Id*. at 3.) Kiwi then filed the Petition on August 13, 2020, pursuant to 9 U.S.C. § 12. (*Id.*) In the Petition, Kiwi argues DEI used the wrong mailing address when it mailed the Arbitration Demand to Kiwi. (*Id.* at 2–3.) Rather than sending notice of the Arbitration Demand to Kiwi's address as provided in the Contract (2245 Keller Way, **Suite 200**, Carrollton, TX 75006), DEI sent notice to 2245 Keller Way, **Suite 250**, Carrollton, TX 75006. Kiwi contends that DEI provided this incorrect mailing address and a "defunct" email address

2

(dallasmanager@kiwiservices.com) to the AAA, and, as a result, the AAA used the incorrect mailing address and "defunct" email address when sending notices to Kiwi.  (*Id.*)  Kiwi thus alleges that the Final Award should be vacated pursuant to 9 U.S.C. § 10 due to lack of notice and that a rehearing by the AAA should be ordered.  (*Id.* at 3–4.)

In the Motion and Reply, DEI argues that the Petition should be dismissed, and the Final Award confirmed, because Kiwi received adequate notice of the arbitration and because Kiwi is not entitled to actual notice.  (ECF No. 14, at 8.)  The AAA Rules provide that notice is adequate if it is mailed to "the party or its representative at the last known address" and notices may also be provided by email.  (*Id.* (quoting AAA Rules R-44, Servicing of Notice).)  DEI contends that it mailed notice of the Arbitration Demand to Kiwi at the address of its registered agent for service of process: 2245 Keller Way, Suite 250, Carrollton, TX 75006.  DEI provided the AAA with that mailing address and an email address identified by Kiwi in the Contract (dallasmanager@kiwiservices.com), both of which the AAA used to provide further notice to Kiwi on multiple occasions.  (*Id.* at 8–9.)

In its Response, Kiwi argues that the Contract establishes Kiwi's correct mailing address, that DEI and the AAA failed to use Kiwi's correct mailing address, and that Kiwi received neither actual nor adequate notice of the arbitration.  (ECF No. 18, at 4–5.)

## STANDARD OF REVIEW

To determine whether Kiwi's Petition states a claim for which relief may be granted, the Court applies the standard set forth in Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what

3

the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

A court considering a motion to dismiss must "'accept all of the complaint's factual allegations as true and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *Land and Bldgs. Inv. Mgmt., LLC v. Taubman Ctrs., Inc.*, 751 F. App'x 612, 615 (6th Cir. 2018) (quoting *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013)).  "Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings'; otherwise, the motion to dismiss must be treated as a motion for summary judgment." *Id.* (quoting *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011)).  "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits

attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Id.* (quoting *Rondigo*, 641 F.3d at 680–81).

## ANALYSIS

The primary issue in this case is whether Kiwi received adequate notice of the arbitration proceedings. As the parties acknowledge (*see* ECF No. 18, at 4; ECF No. 19, at 3), actual notice is not required. *See Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328, 332–33 (7th Cir. 1995) (holding that respondents in an arbitration proceeding "had no right . . . to receive actual notice of the arbitration" when "[t]he parties expressly agreed in the arbitration clause that the AAA's Rules would govern in the arbitration proceeding"). "In the arbitration context, due process is satisfied so long as the arbitrator provided a fundamentally fair hearing, one that meets the minimal requirements of fairness—adequate notice, a hearing on the evidence and an impartial decision by the arbitrator." *EP Acquisition Corp. v. MaxxTrade, Inc.*, No. 5:09–CV–193–KSF, 2011 WL 4102114, at *6 (E.D. Ky. Sept. 14, 2011) (quoting *Brotherhood of Locomotive Eng'rs and Trainmen v. Union Pac. R.R. Co.*, 522 F.3d 746, 751 (7th Cir. 2008)); *see also Sunshine Min. Co. v. United Steelworkers of Am., AFL-CIO, CLC*, 823 F.2d 1289, 1295 (9th Cir. 1987).

The Court's review of arbitration decisions is "very narrow," and "extraordinary deference" must be given to arbitration awards. *Lattimer-Stevens Co. v. United Steelworkers*, 913 F.2d 116, 1169 (6th Cir. 1990); *Champion Int'l v. United Paperworkers Int'l Union*, 779 F.2d 328, 335 (6th Cir. 1985). Here, the arbitrator specifically found that Kiwi had received "due notice by mail in accordance with" the AAA Rules, a finding that is entitled to deference. (ECF No. 1-1, at 3.) Nonetheless, the adequacy of notice is reviewable by this Court, and courts have vacated arbitration awards due to inadequate notice despite similar arbitrator findings. *See, e.g.*, *Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*, 519 F.3d 200, 205–08 (4th Cir. 2008)

(affirming vacation of an arbitration award where the respondent did not receive adequate notice of the arbitration, as required by the AAA Rules and the parties' contract, notwithstanding the arbitrator's finding that the respondent received "due notice" and "[p]roper service"); *Ron Kingston Contracting, Inc. v. Cahaba Disaster Recovery, LLC*, No. 3:13-cv-00154-SWW, 2015 WL 1345281, at *2–3 (E.D. Ark. Mar. 23, 2015) (vacating an AAA arbitration award when the claimant knew or should have known that the respondent was not receiving notice of the arbitration via mail and email, notwithstanding the arbitrator's finding that the respondent received "due notice" of the proceedings).

   DEI argues that the Petition should be dismissed because DEI properly served Kiwi's registered agent with the Arbitration Demand. Kiwi alleges that "DEI utilized the wrong address" when DEI sent the Arbitration Demand to Suite 250, rather than Suite 200. (Petition ¶ 8.) DEI counters that it properly sent the Demand to Kiwi's registered agent at Suite 250, an address DEI apparently obtained by searching the Texas Comptroller of Public Account's website, as reflected in an exhibit attached to DEI's Motion. (*See* ECF No. 14, at 2–3 & n.2; ECF No. 14-1.) That search result includes a disclaimer that "[t]his page is valid for most business transactions but is not sufficient for filings with the Secretary of State." (ECF No. 14-1.) Kiwi neither admits nor denies whether the Suite 250 address is the correct address of its registered agent and merely insists that its "mailing address" is the Suite 200 address. (ECF No. 18, at 1–2.) Kiwi also notes that the AAA sent at least one mailing to Kiwi at the Suite 250 address via certified mail but did not receive a return receipt. (*Id.* at 2.) Neither party indicates whether DEI sent mailings to Kiwi's registered agent via certified mail or whether return receipts were provided.

6

It is unclear to the Court at this stage whether DEI served Kiwi's registered agent at the proper address. DEI has neither asked the Court to take judicial notice of the facts reflected in its exhibit nor addressed the reliability of those search results. Given the potentially dispositive nature of those facts, the Court declines to adopt them on such a limited record. As such, a factual dispute exists as to whether DEI adequately served Kiwi's registered agent.

Next, DEI argues that Kiwi received adequate notice of the Arbitration through various emails sent by DEI and the AAA. Kiwi, however, argues that the email address used by DEI and the AAA—dallasmanager@kiwiservices.com—was "defunct." (ECF No. 1 ¶ 9.) Again, the record is insufficient to enable a determination of whether service on the dallasmanager email was adequate. If the email address were actually defunct, as Kiwi alleges, a reasonable inference could be drawn that a sender would receive an error notice in response to an email sent to that address. Receipt of such an error notice could have put DEI and/or the AAA on notice that Kiwi was not receiving the correspondence. A factual dispute therefore exists as to whether emails sent to dallasmanager@kiwiservices.com were sufficient to provide adequate notice of the Arbitration to Kiwi.

Finally, DEI argues that "the AAA also attempted to reach Kiwi by phone, leaving voicemail messages that presumably went unanswered." (ECF No. 14, at 9.) As discussed above, a ruling on adequacy of service based on such presumptions is not appropriate at this stage. A factual dispute exists as to whether Kiwi received adequate notice of the Arbitration via telephone.

Although the parties' submissions relating to the Motion address these and other issues regarding whether notice to Kiwi was adequate, they do so in terms of factual allegations and disputes, which generally are not appropriate to resolve at the Motion to Dismiss stage. *See*

*Land and Bldgs. Inv. Mgmt.*, 751 F. App'x at 615.  The record is simply too undeveloped to make the factual determinations necessary to decide the issues submitted by the parties, and the Court cannot say that Kiwi undoubtedly can prove no set of facts in support of its claims that might entitle it to relief.  *Id.*  Thus, the Motion to Dismiss must be denied.

## **CONCLUSION**

For the reasons set forth above, the Motion is DENIED.  The Court will set a scheduling conference by separate order.

IT IS SO ORDERED this 10th day of June, 2021.

s/Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE